IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal No. **3:22-cr-00140-L** |
| | § | |
| **ANGEL ORTIZ-FLORES,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Angel Ortiz-Flores's ("Defendant" or "Mr. Ortiz-Flores") Motion to Dismiss the Indictment (Doc. 24) ("Motion"), filed on April 7, 2023. After a careful review of the Motion, the Government's Response ("Response"), the record, and applicable law, the court **denies** Defendant's Motion.

**I.    Background**

Mr. Ortiz-Flores was previously deported from the United States pursuant to two expedited removal orders after he entered without inspection.[1] His first expedited removal occurred on January 30, 2010, after he swam across the Rio Grande River and was apprehended by Border Patrol agents approximately five miles northwest of the Laredo, Texas, Colombia Port of Entry. The second expedited removal occurred three months later on May 5, 2010, after he was apprehended near Big Fields, Arizona, roughly 44 miles northwest of the Lukeville, Arizona Port of Entry. According to Defendant's sworn statement, at the time of both removals, he had not been

---

[1] The Fifth Circuit treats as synonymous the terms "entry without inspection," "unlawful entry," and "entry without having been admitted or paroled." *Castillo-Avalos v. Gonzales*, 136 F. App'x 629, 630 n.2 (5th Cir. 2005). Here, Defendant's entry into the United States on both occasions occurred as a surreptitious crossing of the border at a non-designated port of entry, without an attempt to present documents to an immigration officer to obtain legal entry.

**Memorandum Opinion and Order – Page 1**

inspected by an immigration official upon his arrival and had no pending immigration petitions or applications for legal entry.

Nine years later, Immigration and Customs Enforcement agents encountered Defendant at the Dallas County Jail after his arrest for three counts of Aggravated Assault with a Deadly Weapon, charges to which he later pleaded guilty. On April 5, 2022, the Government filed a one-count Indictment (Doc. 1) that charged Mr. Ortiz-Flores with violating 8 U.S.C. § 1326(a), Illegal Reentry After Removal from the United States. The Indictment alleges that Defendant, "an alien, was found in the United States after having been deported and removed therefrom on or before May 17, 2010, without having received the express consent . . . to reapply for admission since the time of the defendant's previous deportation and removal." Indictment 1.  Section 1326(a) provides that a person commits a crime if "any alien who (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States . . . ." 8 U.S.C. § 1326(a).

**II.    Discussion of the Motion**

**A.  Applicable Law**

Defendant was subject to expedited removal pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C. § 1182(a)(7)(A)(i)(I). Section 1182(a)(7) is the general removal statute that determines the requirements that render persons inadmissible upon their application for admission. It provides which aliens are substantively inadmissible by setting forth that:

> any immigrant *at the time of application for admission* (I) who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality

**Memorandum Opinion and Order – Page 2**

if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title . . . is inadmissible.

*Id*. § 1182(a)(7)(A)(i) (emphasis added).

An "applicant for admission" is given further distinction through Section 1225(a), the expedited removal statute, which provides that:

> (1) Aliens treated as applicants for admission: *An alien present in the United States who has not been admitted or who arrives in the United States* (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) *shall be deemed for purposes of this chapter an applicant for admission*.

8 U.S.C. § 1225(a)(1) (emphasis added). Once an immigration officer determines that an alien present in the United States is inadmissible pursuant to Section 1182(a)(7)(A)(i), he or she may be eligible for expedited removal proceedings. *Id*. § 1225(b)(1)(A)(i). The immigration official then orders the applicant "removed from the United States without further hearing or review . . . ." *Id*.

The definitions provided in Section 1101(a) helpfully set forth that: "As used in this chapter -- (4) The term 'application for admission' has reference to the application for admission into the United States and not to the application for the issuance of an immigrant or nonimmigrant visa." *Id*. § 1101(a)(4). The terms "admission" and "admitted" are defined as the "lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13)(A).

### B. The Parties' Arguments

Defendant's Motion is apparently made pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).[2] A court may grant a motion to dismiss an indictment if the defect is one essentially a question of law. *United States v. Banks*, 339 F.3d 267, 269 (5th Cir. 2003).

---

[2] Defendant fails to state the authority upon which his Motion to Dismiss is based. Accordingly, the court reasonably infers that his Motion to Dismiss is made pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v).

**Memorandum Opinion and Order – Page 3**

Motions to dismiss that test the interpretation of a statute are such questions of law that are proper for the court to review. *United States v. Flores*, 404 F.3d 320, 326 (5th Cir. 2005) (abrogated on other grounds); *see also United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) ("The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact. . . . If a question of law is involved, then consideration of the motion is generally proper.") (citation omitted).

Defendant seeks to invalidate his indictment under 8 U.S.C. § 1326(d), which requires that he demonstrate that: (1) he exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the removal order was fundamentally unfair. 8 U.S.C. § 1326(d). He argues that his deportation through expedited removal was fundamentally unfair under Section 1326(d)(3). Doc. 24 at 7. Specifically, he contends that he did not qualify for expedited removal under the two categories of noncitizens set forth in Section 1225(b)(1)(A)(i): "those who are inadmissible for fraud or willful misrepresentation and those who are inadmissible for failing to possess valid entry documents at the time of an 'application for admission,' under § 1182(a)(7)." *Id*. Because he did not apply for lawful entry or present an application of any kind, he asserts that he did not submit an "application for admission," and therefore the Government violated his due process rights when it removed him through expedited process. *Id*. at 7-9.

Defendant contends that the court should consider the plain language of the statute as well as Fifth Circuit precedent to find "application for admission" under Section 1182(a)(7) to mean applying for or submitting to an inspection by an immigration officer. *Id*. at 9. Because Defendant

**Memorandum Opinion and Order – Page 4**

was apprehended by Border Patrol agents after an illegal entry, he contends that he did not apply for admission, and thus, "application for admission" is inapplicable to him, thereby removing him from the category of noncitizens who may be removed through expedited proceedings. *Id*. at 9-10.

He argues that the holdings in *Diaz Esparza v. Garland*, 23 F.4th 563 (5th Cir.), *cert. denied*, 143 S. Ct. 87 (2022), and *Marques v. Lynch*, 834 F.3d 549, 553-54 (5th Cir. 2016), direct that "application for admission," in this context applies only when making a formal application for admission or petition for entry. Doc. 24 at 9. "Because people who entered at a non-designated place do not fall within either of the grounds of inadmissibility Congress included in § 1225(b)(1)(A)(i), the plain language of the statute does not permit the government to deport them through expedited removal." *Id*. at 11. Defendant also points to a purportedly persuasive case from the Ninth Circuit that dismissed an indictment under a similar argument. *Id*. at 12 (citing *United States v. Mayren*, 591 F. Supp. 3d 692, 697 (C.D. Cal. 2022), *reconsideration denied*, 2022 WL 4480567 (C.D. Cal. Aug. 1, 2022)). Under his interpretation of "application for admission," Defendant contends that he was prejudiced by wrongful placement in expedited removal proceedings, and thus satisfies the requirements of Section 1326(d)(1) and (2) to dismiss the Indictment. *Id*. at 16-17.

The Government filed a Response to Defendant's Motion to Dismiss the Indictment under 1326(d) ("Response") (Doc. 27), asserting that, contrary to Defendant's interpretation of Section 1182(a)(7), Section 1225(a)(1) dictates that "[r]egardless of how an alien comes to the United States, he remains an applicant for admission until he is inspected by immigration officers." Doc. 27 at 9-10 (citing Section 1225(a)(3)). "Section 1182(a)(7) renders an alien inadmissible if, 'at the time of application for admission,' he is 'not in possession of a . . . valid entry document.'" *Id*. at 10 (quoting 8 U.S.C. § 1182(a)(7)(A)(i)). The Government contends that the Indictment is

further supported by *Department of Homeland Security v. Thuraissigiam*, 140 S. Ct. 1959, 1964-65 (2020), holding that "entry without inspection at somewhere *other* than a port of entry constitutes an application for admission." *Id*. (emphasis in original). Further, the Government argues that key fact differences between Defendant's Indictment and the cases he cites render those cases inapplicable. *Id*. at 12.

Defendant filed a Reply Brief (Doc. 30), after first seeking and receiving leave to do so. Docs. 28, 29. In his Reply, Defendant argues that "time of application for admission" in Section 1182(a)(7) is not defined in Section 1225(a)(1), and points to the difference language used in "applicant for admission" in Section 1225(a)(1) and "application for admission" in Section 1182(a)(7). Doc. 30 at 4. He cites *Matter of Y-N-P-*, 26 I. & N. Dec. 10 (BIA 2012), as a precedential interpretation of Section 1225(a)(1) for this court. *Id*. Finally, although Defendant concedes that there are no precedential cases that bind this court, he argues that his cited cases allow the court to ascertain what the Fifth Circuit would rule on this issue if appealed. *Id*. at 6.

**C. Analysis**

At issue here is the term "application for admission" as applied to determine whether Defendant was substantively inadmissible, and thus eligible for expedited removal proceedings. The court agrees with Defendant that "no cases bind this Court to hold that § 1225(b) allows an immigration officer to apply § 1182(a)(7) to noncitizens who are physically . . . but unlawfully present in the United States." *Id*. at 5. The court disagrees, however, that a paucity of direct guidance from the Fifth Circuit or Supreme Court requires adoption of his asserted interpretation because the court may rely instead upon the plain language of the statute, its own definitions, and common sense to determine whether Congress intended Section 1182(a)(7) to apply to aliens present in the United States who did not present for immigration inspection. *Martinez v. Mukasey*,

519 F.3d 532, 543 (5th Cir. 2008) ("[P]lain statutory language is the most instructive and reliable indicator of Congressional intent.").

When interpreting statutes within the same title, the presumption of consistent usage means that "a term generally means the same thing each time it is used." *United States v. Castleman*, 572 U.S. 157, 174 (2014) (Scalia, J., concurring). Although Defendant argues that "applicant for admission" used in Section 1225(a)(1) and "application for admission" used in Section 1182(a)(7) require a different interpretation, the court disagrees. An applicant for admission is the person making the application, which differs from the actual application for admission. Section 1225 describes the person making the application, and Section 1182 states the substantive standards for that application. The difference in the two terms is the terms' place in a sentence, and not a substantive definitional difference.

The court determines that, after considering the cross-referenced statutes in Sections 1225 and 1182, and the plain reading of the definitions set forth in Section 1101, "application for admission" encompasses an alien's physical entry into the United States, whether or not the alien presented for immigration inspection or made a formal application for admission. This definition is distinct from formal applications for a visa or immigration status. The court need look no further than the immigration statutes to determine that Defendant was an "applicant for admission" at the time of his first encounter with Border Patrol on January 30, 2010.

Here, Defendant was apprehended by Border Patrol agents on January 30, 2010, after entering the United States by crossing the Rio Grande River. The Border Patrol officers issued him a Notice and Order of expedited Removal I-860 on the same day after determining that he was present without valid documentation. The Border Patrol officers gave Defendant an opportunity to request asylum status, but Defendant did not; rather, Defendant states that he intended to reside

and seek employment in Plano, Texas. Doc. 24-2 at 5. Thus, Defendant satisfies the description of an applicant for admission in Section 1225(a)(1): he was an alien present in the United States who arrived in the United States not at a designated port of arrival. *See* 8 U.S.C. § 1225(a)(1).

As Defendant was an applicant for admission under the plain text of Section 1225(a)(1), the Border Patrol officers correctly determined that Defendant was eligible for expedited removal because he was inadmissible under Section 1182(a)(7) as an immigrant not in possession of the required documents. *See* Section 1182(a)(7). For this reason, Defendant was properly subject to expediated removal under Section 1125(b)(1)(A)(i). As such, Defendant has failed to demonstrate that his deportation proceedings improperly deprived him of the opportunity for judicial review, or that the entry of his removal order was fundamentally unfair. *See* Section § 1326(d).

Fifth Circuit caselaw supports this reading of the statute text by excluding other administrative applications from the definition of "application for admission" used in Section 1182(a)(7). In *Marques v. Lynch*, the Fifth Circuit held that "application for admission" as used in Section 1182(a)(7) did not encompass an application for adjustment of status because the application was made post-entry. 834 F.3d 549, 557-58 (5th Cir. 2016) (analyzing whether an immigrant, after residing in the United States with a non-immigrant visa). Recognizing that "application for admission" is "somewhat redundantly defined" in Section 1101(a)(4), the court nevertheless determined that the phrase "application for admission into the United States" related to an applicant's initial entry into the United States, and thus did not include an application made by someone already in the United States seeking a status adjustment. *Id.*

The Fifth Circuit has also concluded that "admission" does not encompass adjustments of status to lawful permanent residency. *Diaz Esparza*, 23 F.4th at 571. In *Diaz*, the court found that both *Martinez* and *Marques* recognized a distinction between "admission" and "adjustment of

status," at least for the purposes of §§ 1182(h) and 1182(a)(7), respectively." *Id*. (citing *Martinez*, 519 F.3d at 543). Importantly, this distinction relates to defendants who sought a change in their immigration status after entry; the key factual circumstance is the manner of the defendant's entry into the United States. *Diaz*, 23 F.4th at 573. The court considered whether the later application for status change was an admission, and did not address whether the initial illegal entry was an "admission."

As for Defendant's request that the court follow the Ninth Circuit's recent interpretation of Fifth Circuit precedent, the court concludes that *Torres v. Barr* overstates the Fifth Circuit precedent upon which it relied. *See Torres v. Barr*, 976 F.3d 918 (9th Cir. 2020) (considering the indictment of an indigenous resident in the Commonwealth of the Northern Mariana Islands who resided there before the imposition of United States immigration law made her removable). That opinion correctly quotes *Marques* as holding that Section 1182(a)(7) does not apply to immigrants who sought post-entry adjustment of their immigration status while already in the United States. *Id*. at 926-27. The Ninth Circuit then exceeds the Fifth Circuit's holding to determine that "the time of application for admission" in Section 1182(a)(7) "refers only to the moment in time when the immigrant actually applies for admission into the United States." *Id*. For this reason, the court does not find *Torres* to be persuasive authority.

Finally, because Congress is entitled to set the conditions for legal entry into the United States, "an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." *Thuraissigiam*, 140 S. Ct. at 1963-64. Defendant, who was apprehended by Border Patrol within miles of the border after an illegal and surreptitious entry, "has no entitlement to procedural rights other than those afforded by statute." *Id*. Should the court adopt Defendant's argument, it would lead to the absurd result of extending more due process rights to those who are

intercepted by law enforcement than those attempting to gain legal entry with incomplete immigration applications. The court declines to extend additional procedural due process rights other than those afforded by statute.

### III.     Conclusion

For the reasons herein stated, the court **denies** Defendant's Motion to Dismiss the Indictment (Doc. 24).

**It is so ordered** this 19th day of July, 2023.

Sam A. Lindsay
United States District Judge